IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD ALLEN RIDER, and
BRENNON MOORHEAD,

    Plaintiffs,

v.                                       Case No. 15-cv-581 GBW/SMV

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF LINCOLN, *et al.*

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion and Memorandum to Dismiss Plaintiff's First Amended Complaint (Doc. 7) Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (*doc. 9*).  Having reviewed the motion and attendant briefing (*see docs. 10, 11*), and being fully advised, the Court finds that the Motion should be granted.

### Counts II-VI and Official Capacity Claims Against Defendant Sheppard

Plaintiffs' operative complaint, the First Amended Complaint (*doc. 7*), contains six counts under which they seek relief.  Counts II-VI present claims under state law.  Defendants move for dismissal of the state claims with prejudice.  *See doc. 9* at 5-8.  In response, Plaintiffs agree with their dismissal on the bases argued by Defendants.  *See doc. 10* at 6.  Defendants also move for dismissal of the official capacity claims against Sheriff Sheppard with prejudice.  *See doc. 9* at 9-10.  In response, Plaintiffs agree with the

dismissal. *See doc. 10 at 6.* Therefore, the Court will grant the motion and dismiss Counts II-VI, as well as any official capacity claims against Sheriff Sheppard, with prejudice. As such, only Count I, which Defendants also move to dismiss, remains in dispute.

## **Count I – Claim Pursuant to Section 1983**

Generally speaking, Count I is based on Plaintiffs' claim that two sheriff's deputies, Defendant Brack Rains and Defendant Matt Christian, entered Plaintiffs' home and destroyed property indiscriminately and without cause. *See generally doc. 7*. The destruction allegedly took place after Plaintiffs had been taken into custody and a search warrant was executed at their house. *See id*.

In Count I, Plaintiffs assert a claim of "Unconstitutional Deprivation of Property" pursuant to Title 42 § 1983 against Defendants Rains and Christian. *See doc. 7 at 5*. Under this heading, Plaintiffs specifically assert the following facts: "Defendant Rains and Christian destroyed property belonging to Rider and Moorhead on May 30, 2013. [They] had no lawful purpose for destroying the furniture and other chattels in [Plaintiffs'] house." *Id*. Plaintiffs claim that Defendants "deprived [them] of their rights, privileges, and immunities secured by the United States Constitution and laws, including, without limitation, their right to enjoy due process, that is to have notice and a hearing, before they are permanently deprived of their property." *Id*.

2

Plaintiffs also "reassert all other allegations contained in this Complaint and incorporates them herein as if set forth in full." *Id*.  Notably, those allegations include a claim that "Defendants' failure to protect Plaintiffs and Plaintiffs' property from an unlawful search and seizure and the destruction that resulted thereof is a violation of Plaintiffs [sic] rights under … the 4th, 5th and 14th Amendments of the United States Constitution, which Amendments [sic] guarantee citizens of the United States protection from unreasonable searches and seizures and due process of law before they are deprived of their property." *Id*. at 2.

The general allegations also assert that a witness observed "two men breaking everything in [Plaintiffs'] house." *Id*. at 3.  However, the Amended Complaint later states, "At the Preliminary Hearing . . . [the witness] saw present at that hearing one of them men [sic] she saw through the window who was breaking everything in the house," whom she later identified as Defendant Rains.  *Id*. at 4.  Although the Amended Complaint states that the witness also identified Defendant Christian as being present with Defendant Rains at the house, there is no indication by the witness that Defendant Christian participated in the breaking of items in the house.  Contrary to the general allegations, this observation suggests that it may have only been one person breaking items in the house.

Defendants argue that Count I should be dismissed for failure to state a claim because it lacks the degree of specificity required to establish plausibility and fair

3

notice.  *See doc. 4* at 4-5.  Undeniably, a complaint must be crafted so that the defendants have fair notice of the claims against them and the factual allegations present a plausible right to relief.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1246-49 (10th Cir. 2008).  "Fair notice under Rule 8(a)(2) depends on the type of case.  In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities.  Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."  *Id*. at 1249-50.

The most egregious problem with the Amended Complaint is the lack of clarity with respect to the nature of the claims.  In their Response, Plaintiffs contend that they "have stated with specificity . . . the Constitutional violations claimed (the 4th, 5th, and 14th Amendments) . . . and the nature of the violations (protection from unreasonable searches and seizures (4th Amendment), and due process of law before one is deprived of their property (5th and 14th Amendments)."  *Doc. 10* at 4.  Notwithstanding the apparent grammatical inconsistency in this description, this "clarity" is not found in the Amended Complaint.  One fundamental problem with the Amended Complaint is the commingling of numerous and analytically distinct constitutional claims within one §1983 claim.  For Defendants and the Court to properly understand and analyze different constitutional torts, they should be presented in distinct § 1983 counts.  This

4

structure permits the required review of whether the facts supporting each count present a plausible claim.  Moreover, the Amended Complaint, in fact, does not limit Count I to any particular constitutional violation.  As quoted above, it claims that Defendants "deprived [them] of their rights, privileges, and immunities secured by the United States Constitution and laws, including, **without limitation**, their right to enjoy due process, that is to have notice and a hearing, before they are permanently deprived of their property."  *Doc. 7* at 5 (emphasis added).  On one hand, the Count does not refer to any Fourth Amendment violation, and, on the other hand, expressly refuses to limit itself to any particular constitutional provision.  The Court does recognize that, under the "Parties, Jurisdiction, and Venue" heading, Plaintiffs claim that "Defendants' failure to protect Plaintiffs and Plaintiffs' property from an unlawful search and seizure and the destruction that resulted thereof is a violation of Plaintiffs [sic] rights under … the 4th, 5th and 14th Amendments of the United States Constitution, which Amendments guarantee citizens of the United States protection from unreasonable searches and seizures and due process of law before they are deprived of their property."  *Id*. at 2.  However, the language of this section ("Defendants' failure to protect…") seems to refer to a claim against the County Defendant who employed Defendants Rains and Christian.  All in all, the Court cannot clearly ascertain the precise constitutional claim or claims brought in Count I.

Moreover, the description of the facts does not adhere to the Tenth Circuit's admonition that "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against [each defendant] . . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). As noted above, the Court is unclear about whether the witness observed both Defendant Rains and Defendant Christian breaking items, or only Defendant Rains breaking items with Defendant Christian present. *See doc. 7* at 3-4. The Court also notes the distinct lack of detail about what was allegedly broken. While the Court does not agree with Defendants' apparent position that the Amended Complaint must catalogue each item alleged to have been broken, Plaintiffs should provide whatever detail they have about the alleged destruction. *See doc. 9* at 4-5. These details could be crucial in a case alleging property damage in a place where the police had just executed an apparently lawful search warrant.

For these reasons, the Court agrees with Defendants that Count I of the Amended Complaint fails to provide the degree of specificity required to establish plausibility and fair notice.

## Conclusion

Therefore, the Court GRANTS Defendants' Motion and Memorandum to Dismiss Plaintiff's First Amended Complaint (Doc. 7) Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (*doc. 9*). Counts II-VI are DISMISSED with prejudice.

Moreover, any official capacity claim against Sheriff Sheppard is DISMISSED with prejudice.  As no claims remain against them, Defendant Board of County Commissioners of the County of Lincoln and Defendant Robert Sheppard are DISMISSED from this action.  Count I is DISMISSED without prejudice.  Nonetheless, Plaintiffs have indicated that they might be capable of stating a valid constitutional claim or claims.  Therefore, the Court will GRANT Plaintiffs leave to file a Second Amended Complaint to bring §1983 claim(s).  Violations of distinct constitutional provisions shall be made in separate counts with the factual allegations made against the relevant defendants included within the count.  Plaintiffs' Second Amended Complaint must be filed no later than **October 23, 2015**, or Defendants Rains and Christian will be dismissed from the action and the case closed.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding with Consent**